| ¶ PICKETT, Judge.
The Town of Broussard, located in Lafayette Parish, adopted ordinances 98-188 and 98-199 which would create an annexation across parish lines by annexing land located in St. Martin Parish. Plaintiffs filed a Petition to Vacate Ordinances and for Injunctive Relief in St. Martin Parish. The Town of Broussard filed Exceptions of Venue and No Right of Action. The trial court denied the Exceptions finding in fa *114 vor of Plaintiffs. The Town of Broussard now seeks supervisory writs in this matter. For the following reasons, we reverse in part and |2affirm in part and remand for further proceedings consistent with this opinion.
BACKGROUND
On October 13, 1998, the Town of Brous-sard, a Lafayette Parish municipality, adopted ordinances 98-188 and 98-199 which sought to annex two tracts of land located in St. Martin Parish into the corporate limits of the Town of Broussard. Plaintiffs separately filed in this consolidated action a “Petition to Vacate ordinances and For Injunctive Relief.”
The Plaintiffs, St. Martin Parish Police Jury, St. Martin Parish 911 Commission, and Charles A. Fuselier, are officials of, or public entities located within St. Martin Parish. Food-N-Fun, Inc. is a Louisiana corporation registered and located in Iberia Parish, which owns a business located in the area to be annexed in St. Martin Parish. Plaintiffs’ Petition states that Plaintiff, Todd Street, is an individual domiciled in St. Martin parish. Mr. Street is also the 100% owner of Food-N-Fun, Inc. Plaintiffs, James Gondron and George Choplin, are residents of the Town of Broussard.
The Defendant responded to Plaintiffs’ Petition to Vacate Ordinances and Injunc-tive Relief by filing Exceptions of Venue alleging the Petition was improperly filed in St. Martin Parish and that under La. R.S. 33:174 and La.R.S. 13:5104 must be lodged in Lafayette Parish. Defendant also filed a No Right of Action challenging the appropriateness of Plaintiffs’, Todd Street and Food-N-Fun, Inc., ability to raise this action.
ASSIGNMENTS OF ERROR
1. The trial court erred in denying the Exception of Venue by the Town of Brous-sard in both of the consolidated actions.
2. The trial court erred in denying the Exception of No Right of Action with | ¡¡respect to the Plaintiffs, Todd Street and Food-N-Fun, Inc.
OPINION

Venue

La.R.S. 33:174(A) is the governing statute in cases that contest the reasonableness of the proposed extension of the corporate limits. The relevant statutory sections follow:
La.R.S. 33:174(A) states in pertinent part:
Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits.
La.R.S. 13:5104 states:
A. All suits filed against the State of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
The trial court stated:
The times when suits are going to be filed challenging annexations by municipalities into other parishes are relatively limited ... The only two parishes that have an interest in the lawsuit are the municipality's parish and the property to be annexed. So the Judge when he hears an Exception of Venue, if a suit is filed in Calcasieu, can apply logic and *115 common sense and say, “This is ridiculous. There is no intent by the Legislature to authorize such a suit here.” But because 174, even forgetting about 5104, does not limit the action to the jurisdiction in which the municipality is located, it does not say “and no place else”...
|/The venue issue revolves around the interpretation and interplay of La.R.S. 33:174 and La.R.S. 13:5104. Defendant argues that the statute should be strictly construed. Defendant argues suit is only proper in the 15th JDC which is the district court that has jurisdiction over the municipality of the Town of Broussard. The trial court adopted a broader reading relying on La.R.S. 13:5104 and found the Plaintiffs’ Petition was properly filed in the 16th JDC of St. Martin Parish. We do not find support for the trial court’s conclusion in the statute.
La.R.S. 33:174 allows citizens of the municipality or the territory to be annexed to challenge the ordinance but does not provide the same “either/or” proposition in the language authorizing where suit may be filed. The statute only uses permissive language authorizing suit in the district court that has jurisdiction over the municipality proposing to extend its corporate limits not the territory to be annexed. Based on La.R.S. 33:174 alone, our analysis suggests venue is proper only in the 15th JDC where the Town of Broussard is located. However, La.R.S. 13:5104 must also be considered before a final determination can be made.
The critical language in the La.R.S. 33:174(A), which specifically covers annexation of land into a municipality’s corporate limits is “may ... file suit in the district court having jurisdiction over the municipality” and the language which parallels in the general venue statute, La.R.S. 13:5104, states suit may be filed where “the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.” Therefore, whether venue is proper in St. Martin Parish hinges on defining where “the cause of action arises.”
We find the cause of action in this case is the Town of Broussard’s adoption of the annexation ordinances which occurred in the Town of Broussard which is under the jurisdiction of the 15th JDC of Lafayette Parish. We find the proper venue | Bis the 15th JDC of Lafayette Parish. The trial court’s denial of the Exception of Venue is reversed, and we herein order the proceedings be changed to the proper venue.

No Right of Action

The Town of Broussard argues the trial court erred in denying the Exception of No Right of Action with respect to the Plaintiffs, Todd Street and Food-N-Fun, Inc. We find this assignment of error lacks merit and affirm the trial court’s denial of the Exception of No Right of Action.
For the reasons discussed above, we reverse the trial court’s denial of the Exception of Venue and find the proper venue is the 15th JDC of Lafayette Parish and affirm the trial court’s denial of the Exception of No Right of Action and hereby order the proceedings be changed to the proper venue. All costs of this appeal are assessed against the Defendant, Town of Broussard.
REVERSED IN PART; AFFIRMED IN PART.
WOODARD, J., concurs.